THOMAS FOSTER ET AL. V. M. W. SMITH.

(Case No 2109.)

1. PRACTICE—FILING AMENDMENT.—It is within the discretion of the district judge to allow a party to withdraw his announcement of readiness for trial, for the purpose of filing an amendment, and his action in this respect will not be revised on appeal

2 PRACTICE—AMENDMENT—LIMITATION —The original petition, in an action to revive a judgment, alleged that no execution had ever issued upon the judgment; the amended petition alleged that execution issued within a year from the rendition of the judgment, but that nine years had elapsed since the issuance of execution *Held* the cause of action set up by the amended petition was not different from that alleged in the original petition, upon either, the plaintiff was entitled to a revival of the judgment. The period of limitation not having expired when the original petition was filed, a plea of limitation presented no defense to the amended petition.

APPEAL from Hunt. Tried below before the Hon. J. A. B. Putnam.

This was an action to revive a judgment rendered November 12,

1873. The original petition, filed November 10, 1883, alleged that execution had never issued upon the judgment sued on. An amended petition, filed July 7, 1886, alleged execution issued within one year from the rendition of the judgment, but that nine years had elapsed since the last execution issued. The answer of defendant contained general and special exceptions, general denial, and a plea setting up the statute of limitations of ten years. The case was submitted to the court and judgment rendered for plaintiff, M. W. Smith.

*W. C. Jones,* for appellants, cited: R. S., 1192; Hopkins v. Howard, 12 Tex., 7; Bullock v. Ballew, 9 Tex., 498; Waller v. Huff, *Id.*, 530; Sayles' Texas Practice, sec. 62.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.—It has been determined by this court in several decisions that it is within the discretion of the district judge to allow a party to withdraw his announcement of readiness for trial for the purpose of filing an amendment, and that this discretion will not be revised upon appeal. Whitehead v. Forley, 28 Tex., 10; Obert v. Landa, 59 Tex., 475; Parker v. Spencer, 61 Tex., 155.

There was, therefore, no error in the district judge's allowing the appellees that privilege in the present case. The original petition set up as cause of action a judgment recovered by the plaintiff against the defendants, which had not been paid. The amended petition set up precisely the same cause of action. In the former it was alleged that no execution had ever issued upon the judgment; in the latter that execution had been issued within a year after its rendition, but that about nine years had elapsed since the last one had issued. In either event the plaintiff was entitled to have the judgment revived; in the one case because it was dormant, in the other because it had lost its lien from want of diligence in the issuance of execution. Masterson v. Cundiff, 58 Tex., 472.

The unpaid judgment forming, as it did, a sufficient cause of action whether executions issued as alleged or not, the change in averments as to the issuance of executions, did not change the cause of action. The amended petition merely detailed more fully and accurately facts occurring after the judgment upon which the original petition was based had been rendered, and this did not change the nature of the suit so as to date its commencement from the filing of the amendment. Thouvenin v. Lea, 26 Tex., 612.

In the case cited the amendment set up an additional stipulation in

the contract sued on, and yet it was held that there was no change in the cause of action. Here the judgment is the same, the additional fact that executions had issued upon it, in no wise impairing the plaintiff's right to the recovery he sought.

We think the court did not err in holding that the suit was commenced with the filing of the original petition, and in not sustaining the plea of the statute of limitations.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 12, 1886.]