Chas. W. Hobbs v. First National Bank of Big Springs et al.

Decided February 10, 1897.

**1. Amendment.**

See opinion for amended answer, filed after plaintiff's announcement for trial and the overruling of defendant's application for continuance, which, under circumstances shown, it was held error to strike out as filed too late.

**2. Surprise.**

See opinion for amended answer, held not to operate as a surprise upon plaintiff, in view of previous pleadings.

**3. Mortgage—Wool of Mortgaged Sheep.**

A mortgage of a flock of sheep, "Including increase and all appendages thereto," gave a lien on the wool clipped from them while it was in force.

APPEAL from the District Court of Tom Green County. Tried below before Hon. J. W. TIMMINS.

*J. T. Thomson, W. A. Wright* and *D. D. Wallace,* for appellant. —Defendant's second amended original answer presented a good and valid defense to plaintiffs' cause of action; the same was filed under leave of the court before defendant announced ready for trial; therefore the court erred in striking out the same on motion of plaintiffs, which motion was not sworn to, and it was not made to appear, either from said motion or otherwise, that plaintiffs were taken by surprise, or that the trial of the cause would be in any manner delayed by the filing and hearing of such amended answer. Railway v. Butler, 34 S. W. Rep., 756.

The court erred in not striking from the files plaintiffs' first amended original petition upon motion of defendant, because said petition was not signed by the plaintiffs or any attorney. Sayles' Civ. Stats., art. 1186; Hemming v. Zimmerschitte, 4 Texas, 161.

The remedy of a mortgagee out of possession is to sue and foreclose his mortgage and he cannot try the rights of property or sue a third party for a conversion of the mortgaged property.

If a mortgagee out of actual possession of mortgaged property could sue a third person for a conversion of the mortgaged property or for its value, he should show that his debt was due, that the mortgagor was unable to respond or pay the debt, and that he had no other means of getting his debt except by forcing such third person to pay same.

Wool, after it has been shorn from the sheep and taken to market, becomes an article of merchandise and would not then be an "appurtenant" or an "appendage" belonging to sheep on which a mortgage had been given.

*Matlock, Cowan & Burney* and *Cochran & Hill,* for appellees.—The action of the court in refusing amendments after announcement of the parties will not be reviewed except for manifest injustice, and especially

where the party offering the amendment is guilty of laches and knew the facts pleaded in such amendment previous to the time of filing his previous answers. Lewin v. Houston, 8 Texas, 94; Ried v. Allen, 18 Texas, 248; 1 Am. and Eng. Ency. Pl. and Pr., 522, 523; Trammell v. Swan, 25 Texas, 473; Alexander v. Brown, 29 S. W. Rep., 561; Petty v. Lang, 16 S. W. Rep., 999.

Laches in presenting a known defense until the very eve of trial and then presenting it by a second amendment, leave for filing which had been obtained eighteen months before, will not be tolerated; and it is not error to refuse such amendment. Lewin v. Houston, 8 Texas, 94; Alexander v. Brown, 29 S. W. Rep., 561; Trammell v. Swan, 25 Texas, 474; 1 Am. and Eng. Ency. Pl. and Pr., 522, 523.

The court is vested with discretion in allowing amendments where the same are not filed for a reasonable time before the case is called for trial, which discretion will not be reviewed except where it has been abused. Rev. Stats., art. 1189; 1 Am. and Eng. Ency. Pl. and Pr., 524 to 529; Alexander v. Brown, 29 S. W. Rep., 561; Trammell v. Swan, 25 Texas, 474.

Objection to a pleading because not signed should be by special exception, and not a motion to strike it out, because, if special exception is sustained, then the pleading can be amended by adding signature.

If said amended petition is to be disregarded because not signed, then the original petition states a cause of action supported by the evidence and the judgment sustained upon it. Mayer v. Walker, 82 Texas, 222.

The motion to strike out the amended petition came too late after announcement of plaintiff and of the application for continuance overruled.

"In case of removal of the property pledged the mortgagee is entitled to the possession of the property, and to have the same sold for the payment of his debt whether the same has become due or not." Sayles' Stats., art. 3190b; Sec. 6, Act, April 22, 1879.

The mortgagee being entitled to possession was entitled to sue for conversion of the property. Focke v. Blum, 17 S. W. Rep., 770; 82 Texas, 437; Fouts v. Ayres, 32 S. W. Rep., 435.

Wool on mortgaged sheep is covered by the mortgage and is liable for the mortgaged debt as long as it can be identified. Bank v. Western Mort. Co., 24 S. W. Rep,, 691; Edwards v. Osman, 19 S. W. Rep., 860; Allen v. Delano, 92 Am. Dec., 573; Meyer v. Cook, 5 So. Rep., 147.

The words "appendages thereto" would include the wool, and could have no other construction.

A custom not to include wool in mortgages would be no defense, and would not affect the legal construction of the mortgage in the absence of ambiguity. No ambiguity was pleaded by defendant. Railway v. Fagan, 72 Texas, 127; 2 Rice, Ev., 906, 908; Fare v. Dean, 69 Am. Dec., 656.

COLLARD, Associate Justice.—The original petition was filed in the court below by appellees against appellant, Chas. W. Hobbs, and M. L. Moody on April 28, 1894, and an amended original petition was filed December 13, 1895.

The original petition alleges substantially that M. L. Moody, the owner, on October 10, 1892, executed to J. I. McDowell, as trustee, a deed of trust conveying to him "a certain flock of sheep" described in the instrument, including the increase and wool thereof, for the purpose of securing plaintiff bank in the payment of certain indebtedness amounting to the sum of $7500, evidenced by Moody's notes payable to plaintiff, one for $3400, dated March 21, 1894, due May 21, 1894; one for $400, dated March 29, 1894, due May 29, 1894; one for $400, dated April 19, 1894, due June 19, 1894; one for $550, dated March 25, 1894, due June 25, 1894, and one for $1200, dated April 3, 1894, due June 3, 1894,—all bearing ten per cent interest and stipulating for attorney's fees; that the notes were given as renewals and extensions of the indebtedness named in the deed; that the bank is the legal owner, etc.; that M. L. Moody, on April 18, 1894, after shearing the sheep, caused the wool so sheared—21,050 pounds, and of the value of $1052.50—to be delivered to defendant Chas. W. Hobbs, a wool commission merchant in San Angelo, Texas, who wrongfully withholds the possession of the same from plaintiff bank and the trustee, and that M. L. Moody is acting with Hobbs in so withholding the wool; that Moody moved the wool from Glasscock County, where it was sheared, and where the sheep were when mortgaged, into Tom Green County without plaintiff's or the trustee's consent; that the trustee is entitled to the possession of the wool and to have it sold and to have the proceeds applied to payment of the notes, and that defendants, though requested, have failed to surrender the possession of the same, to plaintiff's damage $1052.50, with interest. Plaintiff claims the right of the trustee to the possession of the wool, but in the event recovery in specie cannot be had, then for its value, and so prays.

The petition refers to the deed of trust as attached thereto, but if it were ever attached it was detached and attached to the amended petition—the first amended original petition—which was filed December 13, 1895.

The amendment set up the same facts before stated, and alleged that the trust deed was executed by M. L. Moody and M. L. Moody & Co.—a firm composed of M. L. Moody and Mrs. P. J. Moody—and was duly registered in Glasscock County, where Moody & Co. then resided, and in Howard County; that there remained $4500 of the notes unpaid, evidenced by the two notes, one for $3400 and the other for $1200, which were the last of a series of renewals of part of the debt mentioned in the mortgage and they are attached to the amended petition. Other usual averments of ownership are made and that a valid lien exists upon the wool, of which defendants had knowledge. It is alleged that the wool was clipped from the sheep in April, 1894, amounting to

21,050 pounds, of the value of six cents per pound, which defendants have converted to their own use, wherefore it is claimed that defendants are liable and bound to pay plaintiff such value.

The deed of trust attached to the amended petition is signed by M. L. Moody & Co. and M. L. Moody, dated October 10, 1892, and duly acknowledged by M. L. Moody, was filed in the County Clerk's office of Howard County on October 14, 1892, and was duly registered as a chattel mortgage by the County Clerk of Howard County in the Glasscock County register. It describes the sheep and also other personal property—mules, horses, cattle, a wagon and a buggy—and is made to secure the notes as alleged.

In May, 1894, defendants answered, but the answer is not in the record. May 18, 1894, they filed first amended answer, which is not signed by the parties or counsel for them. It contains a general demurrer and general denial. M. L. Moody & Co. answer as defendants, and allege the payment and satisfaction of the debt secured by the deed of trust, and plead usury.

Defendant Hobbs in the same pleading answers, also setting up full payment of the debt due plaintiff bank, and that blank dollars were paid by him to Moody & Co., advanced upon the wool clipped from the sheep in 1893, which advance went into the hands of plaintiff bank; pleads that plaintiff bank is estopped; asks that the court compel plaintiff to apply the proceeds of the mortgaged property to the payment of its debt before resorting to the wool; and declares that the mortgage does not apply to the wool, because of a custom prevailing in West Texas among wool men and commission merchants that wool of mortgaged sheep after it is sheared should become separate and independent of the sheep.

Plaintiffs' special exceptions to this answer, except the general denial, were, on May 18, 1894, sustained by the court,—granting leave to amend the same.

January 13, 1895—the day plaintiffs amended the original petition— after plaintiffs had announced ready for trial and after defendants' third application to continue had been overruled, defendant Hobbs filed his third amended answer, which on motion of plaintiffs was stricken out, because it came too late. The case was then tried by a jury on plaintiffs' first amended petition and general denial of Hobbs, resulting in a verdict and judgment for plaintiff for $1217.49. Defendant Hobbs has appealed.

*Opinion.*—The first assignment of error is addressed to the ruling of the court in striking out the third amended answer of defendant Hobbs.

The motion to strike out is as follows:

"Big Springs National Bank et al. ⎫
　　　　　　　v.　　　　　　　　⎬ At December Term,
"Chas. W. Hobbs & M. L. Moody. ⎭ 1895, District Court.

　"Now comes the plaintiff and asks the court to strike from the files

the first amended original answer filed herein this day by Chas. W. Hobbs, for the reason that the same was filed too late.

"Plaintiff shows that heretofore, to-wit, on the —— day of May, 1894, the defendants, after exceptions to their original answer had been sustained by the court, took an order of this court allowing them to amend their answer, and said case has been continued from the day of such order until this day and twice by the defendants, until this day, which is the 5th day of the term of this court, and the said amended answer was not filed in this court until after the plaintiffs had announced for trial and defendants' 3rd application for a continuance had been overruled by the court, all of which matters appear of record in this court. Plaintiff says said answer sets up new matter never before alleged by defendant, which plaintiff is not prepared to meet, and can not meet at this term of court, that it is a surprise to plaintiff and would result in delaying the trial of this court. Wherefore plaintiff prays that the same be stricken from the files.

Cochran &amp; Hill,<br>"Attorneys for Plaintiff."

Defendant resisted the motion as follows:

"First National Bank, Big Springs,     In District Court
v.     Tom Green County, Texas,
"Chas. W. Hobbs.     December Term, 1895.

"Now comes defendant in above styled cause and for reply and answer to plaintiff's motion filed herein on this day to strike from the files of this cause defendant's second amended original answer, filed herein on this day, says: Plaintiff filed their first amended petition in this cause this day and at the time this cause was called for trial, which amended petition changes plaintiff's cause of action and his allegations in a material matter, and that it had not been necessary prior to the filing of said amended petition for defendant to answer further than general denial. That defendant's amended answer was prepared and shown to plaintiff's attorneys on yesterday and was among the papers of this cause when this cause was called for trial and had not been endorsed 'filed' by an oversight, but that plaintiff had notice of the same before the case was called for trial. That said amended answer does not take the plaintiff by surprise or necessarily continue the same, as plaintiff has in court all the witnesses, to-wit, J. I. McDowell, who knows of all the facts in this cause, and of the facts set up by defendant in his said answer, and having replied to said motion he prays that said motion be overruled, for cost and general relief.

"W. A. Wright,<br>"J. T. Thompson,<br>"D. D. Wallace."

The amended answer stricken out was among the papers when the case was called for trial, but had not been marked filed, and was not so

marked until after plaintiff had announced ready and after the applica·
tion to continue had been denied.   Neither plaintiff nor its attorneys
had seen the amendment or knew it was among the papers until it was
filed in form, though leave to file amendment had been granted, as
stated, at the May term, 1894.

Plaintiff's first amended petition filed on the day of trial was by leave
granted prior to the call of the case.

We think the assignment that the court erred in striking out the third
amended answer under the circumstance should be sustained.   It set up
a valid defense, in part, to the action, to the effect that defendant had
in his possession as a commission merchant the wool of the sheep for
1893, delivered to him by Moody & Co., with the knowledge of plain-
tiff, handled it as such merchant for Moody & Co., and that Moody &
Co. had given plaintiff bank a draft on him for $3300, which draft was
endorsed by plaintiff, and was paid by defendant upon the express direc·
tion of plaintiff; that the amount so paid exceeded the proceeds of the
wool by $648.25, for which plaintiff had become bound, and for which
Moody & Co. had given him their promissory note.   This amount de-
fendant pleaded as a set off against plaintiff's demand in case the court
adjudged the same due.

The statute provides that pleadings may be amended under leave of
the court upon such terms as the court may prescribe, before the parties
announce themselves ready for trial, and not thereafter.   Sayles' Civil
Stat., 1192.

The statute also provides, in the next article, that such leave shall be
given and such amendment filed for a reasonable time before the case is
called for trial, so as not to operate a surprise to the opposite party.

The rules for the government of practice in the District Court pre-
scribe that when either supplement or amendment made to pleading is
of such character and is presented at such time as to take the opposite
party by surprise (to be judged of by the court), it shall be cause for
imposing the cost of the term upon and charging the continuance of the
cause (both or either) to the party causing the surprise, if the other
party demand it, and shall make satisfactory showing, or if it be other-
wise apparent that he is not ready for trial on account of said supple-
ment or amendment.

If plaintiff would in fact have been surprised, the foregoing rule
prescribed the course that should have been followed by the court.   It
was not proper to strike out the pleading, leave having been granted to
file amended pleas.   Hopkins v. Seay, 27 S. W. Rep., 899; Boren v.
Billington, 82 Texas, 138; Radam v. Microbe Destroyer Co., 81 Texas,
122; Foster v. Smith, 66 Texas, 680; Railway v. Butler, 34 S. W.
Rep., 756.

Construing the statute (excluding the District Court rule) as favorably
as possible in favor of plaintiff, the most that could be said is that
the court should have allowed the amendment to stand, unless it operated
a surprise to plaintiff.

We see no merit in the claim of surprise, considering the nature of the defense and the former pleading of defendant which had been demurred out. The defense was only set out more definitely and circumstantially in the last amenment than in the first.

Because of the error above noticed, the judgment must be reversed.

There was no error in admitting in evidence the mortgage or deed of trust attached to the petition. The sheep were particularly described in the deed of trust, and it included the wool on the sheep. After describing the sheep in the grant, it proceeds, "together with all and singular the rights, members, hereditaments and appurtenances to the same in any manner belonging or appertaining, including increase and all appendages thereto."

No other point assigned need be noticed.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*