BRAXTON v. VOYLES. (No. 1066.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1916.)

1. PLEADING &xrightarrow{} 356(4)—AMENDMENT—TIME—STATUTE.

Under Rev. St. 1911, art. 1825, providing for amended pleadings, and that such pleadings should be filed a reasonable time before trial, so as not to operate as a surprise, it being within the sound discretion of the court to refuse a pleading filed so late as to operate as a surprise or to allow the pleading filed and continue, where defendant, after admitting execution of a note, defectively pleaded a credit as set-off, and delayed the case from the November term until 7th of March following, the court properly sustained a motion to strike out a plea of non est factum filed on the day of trial without notice.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1117, 1118; Dec. Dig. &xrightarrow{} 356(4).]

2. BILLS AND NOTES ⬤═485 — PLEADING — VERIFICATION—NON EST FACTUM.

In a suit on a note an unsworn plea of non est factum did not have the effect of demanding proof of the execution of the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1543, 1548; Dec. Dig. ⬤═ 485; Pleading, Cent. Dig. § 866.]

3. BILLS AND NOTES ⬤═489(2)—PLEADING— VARIANCE.

In a suit on a note, in which the petition alleged that the note was executed January 1, 1911, and matured November 1, 1911, and the note offered in evidence is dated January 1, "19011," and matures November 1, "19011," as the note shows it is on a printed form on which is printed "190," and "11" is written after the cipher without erasing it, being manifestly a clerical error, there was no such variance as would operate as a surprise, and the note was properly admitted in evidence.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1588, 1589; Dec. Dig. ⬤═489(2).]

Appeal from Wheeler County Court; M. M. Miller, Judge.

Suit by T. J. Voyles against P. L. Braxton, in which defendant pleaded a set-off or counterclaim. Judgment for plaintiff, and defendant appeals. Affirmed.

C. C. Small, of Wellington, and Hill & Clark, of Shamrock, for appellant. J. B. Reynolds, of Wheeler, for appellee.

HUFF, C. J. T. J. Voyles, the appellee, brought suit in the county court of Wheeler county, on the 29th day of November, 1915, upon a promissory note given by the defendant, P. L. Braxton, appellant, of date January 1, 1911, for $372, due November 1, 1911, bearing 10 per cent. interest per annum from date, and the 10 per cent. attorney's fee clause. This suit was returnable to the November term, which convened on the fourth Monday of November, 1915, being the 23d day of the month. On the first day of the term the defendant filed his original answer, in which he admitted plaintiff's cause of action as alleged, expressly admitting the execution of the note sued on, in the manner and form as alleged in plaintiff's petition, but pleaded a set-off or counterclaim for the gathering of a crop of cotton by him for the plaintiff. The plaintiff excepted to the answer as to the counterclaim because of its indefiniteness and uncertainty.

The trial court sustained the exception, and the defendant took leave to amend. It is properly inferred that the defendant did amend and deliver the amendment to the attorney for plaintiff, and, owing to this matter so pleaded, was forced to continue in order to take the deposition of the plaintiff, who resided in Parker county, Tex. The case was continued until the February term, 1916, of the county court, which convened on the 28th day of the month. On the first day of the term it appears that the defendant demanded a jury, which necessitated the cause to await its turn as a jury case; that it was regularly reached, it appears, on the 7th day of March thereafter, and called for trial, when it was ascertained that on the 6th day of March the defendant had filed its first amended original answer, a plea of non est factum. This plea was not sworn to until the 7th day of March, the day the case was called for trial. Plaintiff then filed his motion to strike out the plea of non est factum, which, in fact, was the only answer then filed. The motion is as follows:

"Comes now the plaintiff and moves the court to strike out the defendant's plea of non est factum because the said plea is filed too late, in this: That this suit was filed on the 29th day of October, 1915, and the defendant duly cited to the November term, 1915, of this court; that the defendant filed his original answer at that term; that this cause was continued at said term, and defendant took leave to file its first amended answer, but after the adjournment of said November term, 1915, the defendant delivered to plaintiff's attorney his said first amended answer and plaintiff proceeded to take the deposition of plaintiff; that the court convened on the 28th day of February, 1916, and on the call of the docket on the first day of the term, no further pleading having been filed by defendant, he had this cause placed on the jury docket; that not until the 6th day of March, 1916, after this court had adjourned for the day, was this plea of non est factum filed and plaintiff had no knowledge of the filing of this plea until this cause was called for trial on the 7th day of March; that plaintiff is surpised by the filing of said plea, and would not be able to go to trial thereon at this term. Whereupon plaintiff moves to strike out this plea."

The court sustained this motion, and in the judgment recites that he heard both parties by their attorneys on the motion and duly considered the same. After striking out this plea, the court proceeded to hear the case and render judgment, from which appeal is prosecuted to this court.

The action of the court in striking out this amended answer is assigned as error on the ground that the court had no power to strike out the amendment, but that he was entitled, as a matter of right, to file the answer, and the court should have only continued the case and charged the continuance and the costs thereof to the defendant.

[1, 2] Substantially the same question is presented by the first and third assignments, which are considered together. Article 1825, Revised Civil Statutes, relating to the filing of amended pleadings, provides that leave should be given therefor, and that such pleadings shall be filed a reasonable length of time before the case is called for trial so as not to operate as a surprise to the opposite party. Leave was granted the defendant to file an amendment when the court sustained a special exception at the former term of the court, and the case was continued to give the plaintiff an opportunity to take his deposition, he residing at that time in Parker county, Tex. The motion set up that the defendant prepared its amended answer and presented it to the attorney for

plaintiff, who proceeded to take the deposition; that he learned for the first time when the case was called for trial the defendant had pleaded non est factum, whereupon plaintiff presented his motion. The court recites in the judgment therein that the motion was presented and heard and argument had thereon, and, being fully advised in the premises, he sustained the motion and struck out the plea of non est factum, which, in fact, was all of the answer. It is evident the court was fully advised in the premises by the record and by the evidence. The question therefore presented is one whether the matter was addressed to the trial court's discretion, or whether the filing of the pleading was an absolute right. When the request is made by a party as a matter of right, he is entitled to leave to file an amendment, provided the amendment must be filed in a reasonable time before the case is called for trial so as not to operate as a surprise. If the party has not complied with the statute in this particular, it is urged, nevertheless, the trial court must permit the pleading filed and under the rules tax up the costs against the party causing the surprise. It seems to us the statute authorizes the court to refuse leave to file when it would create surprise and operate as a continuance on that ground. If he should permit it, then he may, in his discretion, continue on the ground of surprise. In either event the matter is at his discretion. From the fact that a party has the right to amend and a court cannot deprive him of that right, it does not necessarily follow, when it is filed an unreasonably short time before the case is called for trial, and when it is manifest a postponement or continuance must be had in order to meet this new plea, that the court should grant the amendment. Surely it was not the purpose of the statutes and the rules to reward the slothful or negligent, or perhaps aid a party who is seeking to avoid a trial. Upon this motion to strike out the plea the defendant showed no excuse for the long delay. Under the showing in this record, if the court could exercise its discretion in the matter, he did not abuse it. This pleading was evidently filed without permission, and when the court's attention was first called to it he refused to permit it to remain, or refused to permit it to be so filed. This the statute gave him the power to adjudge and determine. His action or decision in the matter was not abused, at least there is nothing in the record showing abuse. Our Supreme Court has held the right to file an amended pleading is not an absolute right. Lipscomb v. Perry, 100 Tex. 122, 96 S. W. 1069; Bailey v. Fly, 97 Tex. 425, 79 S. W. 299; Railway Co. v. Miller, 137 S. W. 1194; Houston Oil Co. v. Reese, 181 S. W. 745; White v. Provident National Bank, 27 Tex. Civ. App. 487, 65 S. W. 498. It occurs to us, if the statute is to have any force or effect with reference to reasonable time and not creating surprise, it should be applied in this case. At a previous term of the court appellant, by pleadings, admitted the execution of the note. All that he then contended for was that he was entitled to a credit or offset. Having pleaded this credit defectively, it was stricken out upon special exception, with leave to amend, which it appears was done in this case, and the pleading handed to plaintiff's attorney. The appellee was compelled to ask for a continuance in order to take his deposition in Parker county. After the deposition was taken on the first day of the succeeding term, a jury was called for by defendant, thereby putting the case over from the 28th day of February until the 7th of March. The plea of non est factum was not filed until the 6th day of March, according to the motion, and, as evidently found by the court, late in the evening; and the plea shows not to have been sworn to until the 7th, the day the case was called for trial. The unsworn plea did not have the effect of demanding proof of the execution of the note until it was sworn to. It therefore follows no plea of non est factum was made until the 7th, which would require notice to be taken of it. Drew v. Harrison, 12 Tex. 279. The case was set and called for trial at that time. If the court had permitted the answer to remain as a pleading, it would have forced the appellee to again continue to meet this new issue injected at the time the case was set and called for trial. There is no excuse shown for not sooner filing this plea. If the court has not some authority to prevent its time from being so trifled with, there will be no end to continuances forced on a party on the call of the case. · It occurs to us the court took the proper course in this case, and, instead of forcing the plaintiff to continue on account of surprise, he prevented the surprise being perpetrated at the last moment. We think he not only did not abuse his discretion in the matter, but that he exercised it wisely and justly, and certainly in the interest of expedition and sound policy. Cases are many, it is true, where the right to file an amendment is strictly guarded, and, where there is ground allowing it, courts are disposed to grant leave to file pleadings and permit it to be done. A reading of the authorities cited by the appellant will reveal, we think, that the discretion is vested in the trial court as to the time when pleadings should be filed or the limit for filing, but that discretion must be a sound one. Railway Co. v. Butler, 34 S. W. 756; Hobbs v. First National Bank, 15 Tex. Civ. App. 398, 39 S. W. 331. Assignments 1 and 3 are overruled.

Assignment No. 2 complains at the action of the court in overruling its motion to postpone or continue. Without discussing this assignment, we think the reasons above given are sufficient to answer the assignment, and it will be overruled.

[3] The fourth assignment urges that the court was in error in admitting the note sued on in evidence because there was a variance in its date and the date of payment from the allegations of the petition. The petition alleges the date of its execution as January 1, 1911, and its maturity November 1, 1911. The note offered in evidence and admitted, according to the bill of exceptions, is dated January 1, "19011", and matures November 1, "19011." The trial court doubtless applied practical everyday knowledge and observation in ascertaining the dates. The original note was before him, as it is with us. The note shows it is on a printed form, "190" is printed, "11" is written after the cipher, and instead of erasing the "0" it was left as printed. This is so manifestly a clerical error that any amount of pleading and proof to that effect would not more clearly demonstrate the error than the face of the note alone evidences. It was evidently executed January 1, 1911, and matured November 1, 1911, as alleged. There could have been no such variance as would operate as a surprise to the appellant.

The case will be affirmed.