MARY L. MONTGOMERY ET AL. V. JAMES E. CARLTON.

(Case No. 1356.)

1. DEED NOT VOID — PAROL EVIDENCE ADMITTED.— A deed is not void for want of certainty by reason of the omission of one of the calls in the field notes, where by the description given, and by reversing the calls in the field notes, the missing call can be supplied and the land identified. Parol testimony in aid of such a deed is admissible.

2. MOTION FOR NEW TRIAL — DEFECT IN.— Where the defendant in a cross-bill prayed to have his field notes corrected, and a cloud removed from his title, the case being tried in the absence of the plaintiff, resulting in a judgment in favor of the defendant, *held*,

(1) That the motion for a new trial, on the ground that the plaintiff had a meritorious cause of action and for other reasons sufficiently established, was defective in not exhibiting the chain of title or other documentary evidence relied on.

APPEAL from Colorado.   Tried below before the Hon. Everett Lewis.

Suit for damages for cutting and hauling timber from the land of appellants by appellee, and to remove cloud from title to six hundred and forty acres of the land described in the plaintiffs' petition, owned by them.

The petition was filed February 8, 1881, and was an appearance case at the March term, 1881.   The defendant answered on the 11th, being default day, denying all claim to all the land described in the petition, except six hundred and forty acres, which he set out by metes and bounds, and deraigning title from the ancestors of plaintiffs; also setting up in his answer that the deed for the land claimed by him from John G. Montgomery and Ann E. Montgomery, the parents of plaintiffs, to Edward, Clarissa and Henry Terrell, dated December 3, 1853, and through which defendant claims title, was defective in the field notes, and did not in fact cover any land at all, and praying for judgment for title to the six hundred and forty acres set out by metes and bounds in his answer.

On March 12, 1881, the case was peremptorily called for trial, and defendant obtained a judgment for six hundred and forty acres, as set out in the field notes in said judgment, being the same tract described in their answer as the land intended to be conveyed by said John G. and Ann Montgomery by their deed dated December 3, 1853. Plaintiffs' counsel, on the 14th of March, filed a motion for a new trial, setting up that he was too sick to attend court at the time said trial was had, and that he had been misled by the order calling the criminal docket at the time said cause was tried, being led to believe that no civil business would be tried during said time, and that plaintiffs had a meritorious cause of action by title acquired since January, 1874, as well as that acquired by their ancestors in 1853; and all the questions or matters set out in the plaintiffs' petition had not been heard, which was supported by the oath of said counsel, which said motion was overruled by the court; to which ruling the plaintiffs excepted, and gave notice of appeal in open court. They brought the case to the supreme court by appeal.

*F. Barnard*, for appellants.

*Foard & Thompson*, for appellee.

BONNER, ASSOCIATE JUSTICE.—The first two assigned errors, that the court erred in permitting the defendants to go to trial within the time within which the criminal docket had been set, and that the court erred in permitting the defendant to read from the records of deeds without previous notice, however true they may have been in point of fact, are not sustained either by bill of exceptions or otherwise by the record.

The third assigned error is that the court erred in entering judgment for the six hundred and forty acres of land set up in defendant's answer, when said answer ad-

mitted that the field notes in the deed under which he claimed title showed that it did not include any land at all.

By the answer of the defendant it is alleged that the second call in the field notes of the land claimed by him was by mistake omitted in one of the deeds in his chain of title, and that unless supplied the deed would not convey any land. It is further alleged, in effect, that the true description could be ascertained by the recitals and description given in the chain of title under which he claims, and which title was derived in part through the ancestors of plaintiffs.

The answer sought to correct this defect in the description. The testimony of Toliver, a practical surveyor, showed that from the description given in the deed from John G. Montgomery and wife, the ancestors of plaintiffs, to the Terrells, which was one of the links in defendant's chain of title, and by reversing the calls in the field notes, the missing call could readily be supplied, and the land identified on the ground by any surveyor, and that he had in fact so identified it. This, then, does not present the case of such patent defect upon the face of the deed as would render it void for want of certainty, and which could not be aided by parol extrinsic testimony. Norris v. Hunt, 51 Tex., 609.

The fourth and last assigned error is that the court erred in overruling plaintiffs' motion for a new trial; said motion showing that plaintiffs' counsel was unavoidably absent on account of being too sick to attend court, and was misled in supposing no civil business would be tried during the time set for the trial of criminal cases, and that they had a meritorious cause of action, and were prevented from presenting the same on account of the sickness and absence of their counsel, and that they had not had a fair trial.

In the motion for a new trial, like one to set aside a

judgment by default, the plaintiffs should have shown, not only that they were not guilty of negligence, but also that they had a meritorious cause of action. If the grounds for the motion were not sustained by the record — as they were not in this case, — the motion should not only have been supported by affidavit of the plaintiffs, their agent or attorney, but if based upon some fact of which this affidavit was but secondary evidence, as the testimony of some third party or a chain of title evidenced by writing, then, as a general rule, the affidavit of this third party or this chain of title should also be exhibited with the motion.

The gravamen of the motion for a new trial in this case was, that the counsel for plaintiffs was sick and not present, and that they did not have a fair trial. And further, that they had a good cause of action, acquired since January 1, 1876, as well as that acquired by their ancestors in 1853.

If it be admitted that the absence of plaintiffs' counsel was sufficiently accounted for, still the motion for a new trial was defective in not setting out or exhibiting the chain of title relied on by plaintiffs; and it does not appear by the record that this defect was cured, or offered to be cured, by evidence on the submission of the motion.

The case as presented by appellants' brief is one of hardship, and we have given the record a very careful consideration, but as presented, we cannot see that there was error in the judgment below, and it is accordingly affirmed.

AFFIRMED.