MAX ALEXANDER v. L. J. SMITH.

Decided January 4, 1899.

**Judgment of Dismissal—Setting Aside—Abuse of Discretion.**

Refusal of the court to set aside a judgment of dismissal for want of prosecution is an abuse of discretion where the failure to prosecute was due to illness of the plaintiff's counsel, and plaintiff was poor and unable to employ other counsel, ignorant of judicial procedure, and unable to conduct the trial himself, and with the case dismissed, the cause of action was barred by limitations.

ERROR from Harris. Tried below before Hon. JOHN G. TOD.

*Boyd & Thompson,* for plaintiff in error.

*W. S. Hunt,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—On April 27, 1896, the plaintiff, Max Alexander, instituted this suit in the District Court of Harris County against the Galveston, La Porte & Houston Railway Company and the defendant in error, L. J. Smith, to recover $15,000 actual and $5000 exemplary damages for personal injuries alleged to have been inflicted upon him by the negligence of said defendants.

Afterwards, on November 28, 1896, the plaintiff dismissed his action against the railway company, and continued it as to the other defendant.

On October 26, 1897, the cause was reached in its order on the call of the docket for trial, and neither the plaintiff nor his attorney of record appearing, it was dismissed for want of prosecution.

On October 27, 1897, during the term of the court at which said judgment of dismissal was entered, the plaintiff filed his motion in said court, asking that the judgment be set aside and the cause reinstated. Afterwards, on November 9, 1897, before the District Court adjourned, he filed his supplemental motion for new trial. These motions, together with the affidavits attached to them, aver and show prima facie that plaintiff has a good and valid cause of action against defendant, L. J. Smith, as shown by his pleadings. They allege and show without contradiction that at the time the cause was called for trial, and the order of dismissal entered, A. W. Boyd, Esq., the only attorney of plaintiff in the case, was, on account of a serious spell of sickness, absent from court, and detained in the town of Anderson, Grimes County, Texas; that said attorney was unable on account of his illness to appear and represent the plaintiff in said suit, but that if it had not been for his sickness he would have been present and prosecuted for plaintiff his action for judgment; that plaintiff was present in court when his case was called for trial, but did not until then know of the absence of his attorney; that he was too poor to retain another attorney to represent him in the cause; that he was ignorant of matters pertaining to judicial proceedings, and had to and did rely solely upon his said attorney to represent him upon the trial of his action, and that he fully expected him to be present and do so when the cause was called for trial, and that his action would be barred by the statute of limitations unless the judgment of dismissal was set aside and the cause reinstated.

The trial court, upon hearing of the motions, overruled them, and from the judgment dismissing his cause of action, the plaintiff prosecutes this writ of error.

*Opinion.*—"In every court of general jurisdiction there resides authority which is not strictly defined or limited by fixed rules of law, but which must be exercised in order to justly vindicate substantive rights, properly framed issues, and duly conduct trials. This authority may be said, in a general way, to be the power of the judge to rule and decide as his best judgment and sound discretion dictate. The term 'judicial discretion' is usually employed as designating the power mentioned. The judicial discretion is not an arbitrary right to do whatever an individual judge's whim, caprice, or passion may suggest, for what is not reasonable or not in accordance with common justice, no judge has a right to do. When a ruling or decision clearly and certainly passes the limits of reason, justice, and right, it is not the product of judicial discretion and can not be regarded as the exercise of sound

judgment, but must be attributed to passion, whim, caprice, or willful wrong. Judicial discretion is not without limits or conditions, although these limits or conditions are not defined or established by fixed rules or principles of law.

"If a purely discretionary power is exercised in ruling upon a question the appellate tribunal will not review the ruling, but the court may, in assuming to exercise a discretionary power, transcend the limits of its power or abuse it. The difficulty arises in cases where the question is whether the power exercised was exercised within the bounds of discretion, or in cases where the question is whether the power was or was not abused. It is not legally possible for the trial court to preclude a review by assuming to exercise a discretionary power, for if a power not discretionary is wrongfully exercised to the manifest prejudice of the party who complains, or if there is a clear and palpable abuse of the power, to the substantial injury of such a party, the decision will be reviewed and revised." Elliott's App. Proc., secs. 597, 602.

A motion to set aside the judgment dismissing a suit for the want of prosecution is one largely addressed to the sound judicial discretion of the trial court. Tested by the well established principles quoted, the question is, did the court err in refusing to set aside the judgment from which this writ is prosecuted, after the facts disclosed by the motions and affidavits attached thereto were made known?

Every person, however obscure and poor he may be, who has a cause of action in this State against another, whatever may be his position or standing, is entitled, when he brings suit upon it and does everything in his power to have his cause heard, to have it prosecuted to judgment. No court can deprive him of this right without being guilty of oppression and gross injustice, which no court has the discretion or power to exercise.

If the matters alleged in plaintiff's motion for a new trial are true, as they must be presumed to be, for they are not disputed by the defendant, he has been maimed and crippled for life by defendant's negligence, and is entitled to recover of him damages for the injuries so inflicted. For these damages he brought his action in the District Court of Harris County, which had jurisdiction to hear and determine same. Counsel was retained by him to prosecute the suit. Through no fault of plaintiff nor of his attorney, when the case was called for trial his counsel was not present, and on account of plaintiff's ignorance of judicial procedure, he could not conduct the trial of the case himself. He was too poor to employ other counsel, and his suit was dismissed. When these facts were made known to the court by plaintiff's motion for new trial, it was apparent that gross injustice would be done if the judgment of dismissal was not set aside, for if the cause was not reinstated, the statute of limitations would blot it out forever. Therefore, in our opinion the ruling of the court on the motion clearly and certainly passes the limits of reason, justice, and right, and is not the product of judicial discretion, and can not be regarded as the exercise of sound

judgment, and requires that the judgment appealed from be set aside, and a trial of plaintiff's cause on its merits be awarded, which is accordingly done.

*Reversed and remanded.*