## W. B. DANIELS v. J. M. L. STEWART.

Decided· December 22, 1910.

**1.—Vendor's Lien—Foreclosure—Identifying Land.**

Purchase money lien notes introduced in evidence identified the land for which they were given and on which lien was reserved as that conveyed on the same date by the payee to the maker, referring to the deed for description. Held, that to support foreclosure upon the land described by metes and bounds in plaintiff's petition, there must be other evidence identifying it with the land described in the notes.

**2.—Same—Pleading—Admission.**

The case having been tried on amended petition and answer, allegation in the original answer, which was admitted in evidence, that notes sued on were given for the land described in plaintiff's petition, was insufficient to identify the land for which the notes were given as the same described by metes and bounds in the amended petition. Such admission referred only to the description in the original petition. That was abandoned by amendment and could not be looked to as an aid to the description unless it was also offered in evidence to show that it was the same as in the amended petition.

Appeal from the District Court of Upshur County. Tried below before Hon. P. A. Turner.

*Warren & Briggs* and *M. M. Smith,* for appellant.

*J. S. Barnwell,* for appellee.

WILLSON, CHIEF JUSTICE.—The suit was by appellee to recover a sum alleged to be due to him from appellant as the maker of promissory notes. The trial was upon an amended petition filed January 6, 1910, and an amended answer filed January 11, 1910. In said petition it was alleged that the notes were secured by a vendor's lien on two tracts of land conveyed by appellee to appellant. Each of the two tracts was described in said petition as a part of the L. B. Brown survey in Upshur County, and by its metes and bounds. The notes were admitted as evidence. Each of them contained a recital that it was "given in part payment for a certain lot or parcel of land situated in Upshur County, Texas, on the headright of L. B. Brown, the same being 31 acres, this day conveyed to me by the said J. M. L. Stewart and wife, G. A. Stewart, by a deed bearing even date herewith in which said land is fully described, and to secure the payment of which a vendor's lien is retained in said conveyance." Appellee then offered and the court admitted in evidence, the original answer of appellant filed January 4, 1910. Said original answer consisted of a general denial, and allegations constituting a cross-action by appellant to cancel the notes, etc., on the ground of fraud. A part of the allegations in the cross-action was as follows: "And the defendant, W. B. Daniels, further and specially answering herein, says that if any such notes as those described in plaintiff's petition this defendant ever executed or delivered to plaintiff, that same were given for part of the purchase money of the land mentioned in plaintiff's said petition." No other evidence was offered for the purpose of identifying the land against which a foreclosure of a vendor's lien was asked. The court instructed the jury to return a verdict in appellee's favor for the amount unpaid of the notes and to find that same was secured by a vendor's lien on the land described in appellee's petition, and in accordance with such a verdict rendered a judgment in appellee's favor against appellant for the sum of $1052.59 and foreclosing the lien asserted by appellee on the two tracts of land described in his amended petition.

The contention made on this appeal is that the judgment in so far as it foreclosed a lien on the land described in the amended petition was without evidence to support it. The contention must be sustained. The admission in the original answer admitted in evidence, was that the notes sued on were for "part of the purchase money of the land mentioned in plaintiff's said petition." The petition referred to necessarily was the original petition, for the amended petition had not then been filed. The original petition ceased to be a part of the pleadings in the case when the amended petition was filed. Whether the land described in it was the same as that described in the amended petition can not be determined from the record. If it was, and if the fact that it was had been shown by the introduction of the original petition in evidence, we think the admission in the original answer made a part of the evidence would have been sufficient to support the judgment foreclosing the lien asserted on the land described in the amended petition. Crosby v. Bonnowsky, 29 Texas Civ. App., 288, 69 S. W., 213; Houston E. & W.

Ry. Co. v. DeWalt, 96 Texas, 121, 70 S. W., 537; Lewis v. Crouch, 85 S. W., 1010; First Natl. Bk. of Itasca v. Watson, 66 S. W., 234; Austin v. Jackson Tr. & Sav. Bank, 125 S. W., 936; Texas & P. Ry. Co. v. Goggin, 33 Texas Civ. App., 667, 77 S. W., 1053. But as it was not offered as evidence, and as it was not shown in any way that the admission in the original answer applied to the land described in the amended petition, we think the judgment in so far as it foreclosed the lien claimed by appellee was without evidence to support it. The judgment therefore will be reversed, and the cause will be remanded for a new trial.

*Reversed and remanded.*