## DRUMMOND v. LEWIS.

(Court of Civil Appeals of Texas. San Antonio. April 30, 1913. Rehearing Denied May 28, 1913.)

1. NEW TRIAL (§ 95*)—GROUNDS—ABSENCE OF PLAINTIFF AND COUNSEL—DILIGENCE.

Where a nonresident plaintiff employed a nonresident attorney, and relied wholly on him to look after the case, and the attorney was injured about 10 days before the case was called for trial, and on the day before trial was obliged to go to bed for medical treatment, and plaintiff was not present at the trial, and showed no reason for his absence, except that his attorney had not advised him of the time to attend, a denial of a new trial after judgment by default was not an abuse of the trial court's discretion, in the absence of a showing that the

attorney was in readiness to attend court when taken ill and of a showing of a meritorious cause of action.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 190–194; Dec. Dig. § 95.*]

2. NEW TRIAL (§ 95*)—GROUNDS—ABSENCE OF PLAINTIFF AND COUNSEL—DILIGENCE.

The absence of an attorney, by reason of illness or other cause, is not ground for new trial unless the party was diligent and without fault, and unless injustice will result from a refusal, which is established by exhibiting a good cause of action or a meritorious defense.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 190–194; Dec. Dig. § 95.*]

3. TRESPASS TO TRY TITLE (§ 47*)—JUDGMENT —EFFECT.

A judgment in trespass to try title that plaintiff take nothing by his suit is an adjudication that title is in defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 69–71; Dec. Dig. § 47.*]

4. DISMISSAL AND NONSUIT (§ 60*)—WANT OF PROSECUTION—DISMISSAL.

Where plaintiff fails to appear in person or by attorney, and there is no cross-action, the only judgment which should be rendered is one of dismissal for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

5. APPEAL AND ERROR (§ 719*)—QUESTIONS REVIEWABLE—ERROR APPARENT OF RECORD.

The error in rendering judgment that plaintiff in trespass to try title take nothing, where defendant merely filed a general demurrer, and pleas of not guilty and limitations, with a prayer that plaintiff take nothing, and where plaintiff did not appear in person or by attorney, is error apparent of record, which the court on appeal must notice, though not assigned, and the court on appeal must enter a proper judgment which is one of dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

6. DISMISSAL AND NONSUIT (§ 81*)—SETTING ASIDE DISMISSAL FOR WANT OF PROSECUTION—MERITORIOUS CAUSE OF ACTION.

A motion to set aside a judgment of dismissal for want of prosecution should allege facts constituting a meritorious cause of action.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

7. DISMISSAL AND NONSUIT (§ 81*)—SETTING ASIDE JUDGMENT OF DISMISSAL — FREEDOM FROM NEGLIGENCE.

A motion to set aside a judgment of dismissal for want of prosecution must show that the judgment cannot be ascribed to negligence of plaintiff or his attorney.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. § 81.*]

Appeal from District Court, San Patricio County.

Action by J. H. Drummond against Steve J. Lewis and another. From a judgment that plaintiff take nothing by his action, he appeals. Reversed, and judgment rendered dismissing the action for want of prosecution without prejudice.

L. H. Browne and C. A. Davies, both of San Antonio, for appellant. D. McN. Turner, of Corpus Christi, for appellees.

TALIAFERRO, J. On the 21st day of July, 1906, plaintiff, J. H. Drummond, filed suit against Steve J. Lewis and D. McNeill Turner in trespass to try title; on March 18, 1912, D. McNeill Turner disclaimed; on October 14, 1912, on the first day of the court, in the absence of plaintiff and plaintiff's counsel, a judgment was given defendant by default; thereafter, during the same term of the court, on October 23, 1912, a motion was filed by the plaintiff for a new trial and reinstatement of the cause, setting up the grounds that he lived in Jefferson county, Tex., and that he had employed an attorney in San Antonio to attend to his case, and that the said attorney had been attending to the same; that he knew nothing about the case having been dismissed, or judgment taken against him, because of the inability of his attorney to inform him, and appended to his motion the affidavit of his attorney, together with the affidavit of the physician in attendance upon said attorney, showing that, on the 6th day of October, said attorney met with an accident, breaking a rib; that he continued to work until the 11th day of October, when he was stopped by severe pleurisy; that he called in a physician on the 13th day of October, and, for the first time, discovered that he had a broken rib; that by reason of a severe cold, which had settled in his left lung, beneath the broken rib, together with the broken rib itself, the said attorney was unable to attend to business, or to appear and file this motion, and but for such accident the said attorney would have been present and representing him in the said cause. The affidavit of a physician was also attached, verifying the condition of the attorney. The court overruled the motion for a new trial on October 24, 1912, and from that judgment plaintiff prosecutes this appeal.

The above, which is taken from appellant's statement of the nature and result of the case, sufficiently reveals the proceedings had. There are statements made in the briefs of the parties of occurrences at the trial which, not being of record, will not be taken into consideration.

[1] Appellant's only contention is that the trial court, in overruling his motion for a new trial, was guilty of a flagrant abuse of his judicial discretion. To support this contention he cites two cases: Harris v. Musgrave, 72 Tex. 18, 9 S. W. 90, and Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916. In the former case the Supreme Court held that it was within the discretion of the trial court to grant a new trial after adjournment of the term, upon proper cause shown. In that case the petitioners alleged, under oath, the fact that their attorney became sick just before the trial so that he could not attend the court; that he had written them of his illness in ample time for them to have em-

ployed other counsel if the letter had not miscarried; that they had no knowledge of his condition, or that the case was coming to trial, and that they had a meritorious defense, which they fully stated. In the Alexander Case the motion alleged: That the plaintiff's attorney was ill and unable to attend the court upon the day the case was set for trial. The plaintiff was in court in person, but did not know until the case was called that his attorney could not attend. He was too ignorant himself to conduct his case, and he informed the court that he was too poor to employ other counsel. That he had a meritorious cause of action, and that a dismissal of the cause would subject him to an irreparable loss, the motion revealed by proper allegations. In both cases the courts held that the trial court had abused its discretion, and that the motions for new trial should have been granted, because due diligence and a meritorious cause of action were clearly shown by the allegations in the motions.

But we think no such a case is presented here. The contention, in brief, is that appellant resided in a place remote from the county where the case was pending, and employed an attorney who also resided away from that county; that he relied wholly upon his attorney, who had given the case attention at all former terms of the court; that about 10 days before the case was to be called for trial his attorney was hurt, and on the day before the trial his condition became so serious that he was obliged to go to bed for medical treatment, and was unable to go to San Patricio county to try the case. Appellant was not present at the trial and shows no reason for his absence, except that his attorney had not advised him of the time to attend. No effort is made to show that appellant's attorney · was in readiness to attend the court when he was attacked by the sudden illness, nor does it assert that he communicated his condition to his client or to the court, or to the attorney for appellee, or that he made any effort whatever to prevent the case from going to trial in his absence. Neither is it alleged that he was unable to take such precaution. The motion does assert that the appellant has a meritorious cause of action, but such allegation is a mere conclusion of the pleader, as no facts are alleged from which the court can ascertain the merit of the cause, nor are pleadings referred to from which the court could determine the merits thereof.

[2] It has been universally held by our courts that the absence of an attorney, whether by reason of illness or other cause, is not ground for new trial, unless it be shown, not only that the petitioner was diligent and without fault, but that injustice would result from a refusal. Such a showing is made by exhibiting a good cause of action or a meritorious defense. Bartlett v.

Jones Co., 103 S. W. 705; Holliday v. Holliday, 72 Tex. 485, 10 S. W. 690; Railway v. Kelley, 99 Tex. 87, 87 S. W. 661; Ward v. Cobbs, 14 Tex. 303; Telegraph Co. v. Brooks, 78 Tex. 331, 14 S. W. 699; Montgomery v. Carlton, 56 Tex. 431; Verschoyle v. Darragh, 67 S. W. 1099; Harrison v. Oak Cliff Land Co., 85 S. W. 821.

[3-5] We cannot say that the court abused its discretion in refusing to grant appellant's motion when the same is tested by the rules of law applicable to motions to set aside judgment by default. There is, however, an error in the judgment apparent of record, not complained of by appellant, which renders it necessary to consider this case from a slightly different viewpoint. Defendant Turner disclaimed, while defendant Lewis filed general demurrer, plea of not guilty, pleas interposing the statutes of limitations of 3, 5, and 10 years, and a prayer that plaintiff take nothing by his suit, and that said defendant go hence without day and recover of plaintiff all costs. The judgment recites that the plaintiff appeared not, either in person or by his attorney; and, the defendant insisting upon a trial, and the plaintiff having offered no proof, it was adjudged that plaintiff recover nothing by reason of his action, and that the defendants recover from him all costs of suit. A judgment in a trespass to try title case that plaintiff take nothing by his suit amounts to an adjudication that the title to the land is in defendant, and is equally as effective for that purpose with a judgment specifically decreeing the land to defendant. Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Moore v. Snowball, 98 Tex. 23, 38, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; New York Land Co. v. Votaw, 52 S. W. 127. Where plaintiff fails to appear in person or by attorney the only judgment which should be rendered (there being no cross-action upon which defendant is entitled to invoke a trial) is one dismissing the case for want of prosecution, and not one that plaintiff should not recover. Hill v. Friday, 70 S. W. 568; Allen v. Ft. Stockton Irrigated Lands Co., 135 S. W. 682; Trueheart v. Simpson, 24 S. W. 842; Burger v. Young, 78 Tex. 656, 15 S. W. 107; Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 917; Harris v. Schlinke, 95 Tex. 88, 65 S. W. 172; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870. In the last-mentioned case it was held that an error committed in rendering a judgment that plaintiff take nothing, instead of one of dismissal, should be corrected by an appeal, but that if no effect ought to be given to such a judgment other than to construe same as a dismissal of the case, then the case went out of court as fully as it did under the judgment rendered, and plaintiffs in that case could not, in a case brought to set aside that judgment, obtain any benefit resulting from the fact that the action was

brought, unless on the trial of the suit to set aside such judgment, they showed such facts as entitled them to have the judgment so rendered set aside. We are of the opinion that the error committed by the lower court, being one apparent of record, should be taken notice of by us, though not assigned, but that the same does not require a reversal, and this court should enter such judgment as the lower court should have entered, namely, one dismissing the case.

[6, 7] The cases holding that an applicant for a new trial should show a good cause of action or a meritorious defense are based upon the principle that it would be idle to set aside a judgment when another trial would result in the rendition of the same judgment. This principle cannot be applied to cases of dismissal for want of prosecution, which character of judgments merely have the effect of taxing plaintiff with the costs accrued, and of imposing upon him the burden of filing a new suit, with the disadvantage of perhaps enabling defendant to win by reason of limitation. However, it appears that even in cases of dismissal for want of prosecution the doctrine has been recognized that a meritorious cause of action should be shown by alleging the facts constituting the same. Fant v. Jones, 36 Tex. Civ. App. 138, 81 S. W. 340; Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916. While the same strictness concerning showing a good cause of action should perhaps not be required to set aside a judgment of dismissal for want of prosecution as a judgment on the merits, yet it is clear that the motion should plainly show that the judgment of dismissal cannot be ascribed to negligence of plaintiff or his attorney. Fant v. Jones, supra. Such a showing was not made in this case, as has been hereinbefore pointed out, and the lower court did not abuse his discretion in refusing to grant the motion for new trial, whether such action be considered with reference to a judgment dismissing the case for want of prosecution, or one that plaintiff take nothing by his suit.

The judgment of the lower court is reversed, and judgment rendered dismissing plaintiff's action for want of prosecution, without prejudice to any other suit that may be instituted by him. Appellant having failed to call the attention of the trial court to the error in the judgment, the costs of the appeal will be taxed against him.