TRAYHAN et al. v. STATE.   (No. 5500.)

(Court of Civil Appeals of Texas. Austin. Nov. 3, 1915.)

1. APPEAL AND ERROR ☞78—DECISIONS APPEALABLE—NATURE OF DECISION.

On petition of the county attorney the district court of F. county granted a temporary injunction restraining defendants, their agents, clerks, and employés, from pursuing the business of selling intoxicating liquor, and from opening or keeping open for the purposes of business all houses and places of business where such liquors were stored. Defendants filed a motion to dissolve the injunction, which was also an answer to the merits, and by agreement the district judge heard the case in N. county in the same judicial district, and, after hearing evidence for and against the injunction, rendered a judgment which, after setting out the temporary injunction, perpetually restrained and enjoined defendants from doing any and all of the acts and things "which they are inhibited by said temporary writ from doing." Held that,· while under

---

Rev. St. 1911, art. 4644, authorizing appeals from orders or judgments granting, refusing, or dissolving temporary injunctions, no appeal lies from an order refusing to dissolve an injunction, the judgment was not an order refusing to dissolve the temporary injunction, but a final judgment forever enjoining defendants from pursuing the business of selling intoxicating liquors, and was appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. ☞78.]

2. APPEAL AND ERROR ☞131—DECISIONS APPEALABLE—NATURE OF DECISION.

Where such judgment purported to be a judgment of the district court of F. county, and was regularly entered upon the minutes of that court, it was immaterial so far as the right of appeal was concerned that the judge rendered the judgment outside of F. county, though it was contended that there was no change of venue, and that the agreement as to the trial of the case related only to the motion to dissolve the temporary injunction, especially in view of Rev. St. 1911, art. 1714, authorizing the judge of a district court to hear a cause and render a final judgment therein in vacation by agreement of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. ☞131.]

3. INTOXICATING LIQUORS ☞275 — VIOLATIONS—INJUNCTIONS—EVIDENCE.

Under Rev. St. 1911, art. 4682, providing that in any proceeding under the three preceding articles relative to injunctions restraining violations of the liquor laws, evidence of the general reputation of the house, building, or premises, or the business, occupation, or pursuit of the defendant involved, may be admitted in evidence, in a suit to enjoin defendants from pursuing the business of selling intoxicating liquors at a place not in local option territory, it was error to admit evidence as to the general reputation of defendant's place of business.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 411; Dec. Dig. ☞275.]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by the State against Henry Trayhan and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

R. L. Williford and R. M. Edwards, both of Fairfield, and A. B. Geppert, of Teague, for appellants.

JENKINS, J. [1] The appellee, by the county attorney of Freestone county, presented its petition for injunction to Hon. H. B. Daviss, judge of the Thirteenth judicial district, which district includes the counties of Freestone and Navarro. The judge granted a temporary injunction, and afterwards heard the case at Corsicana, in Navarro county, and entered judgment perpetuating the injunction. Appellee insists that the appeal herein should be dismissed, for the reason that it is an attempted appeal from an order of the district judge made in vacation overruling a motion to dissolve the temporary injunction previously granted by said judge. Appellants contend that this is an appeal from a final judgment of the district court

of Freestone county perpetuating said injunction. The appellants filed a motion to dissolve said injunction, which motion was also an answer to the merits. By agreement of parties the district judge heard the case at Corsicana, in Navarro county. The hearing appears to have been on the merits; that is, the record shows that he heard the evidence both for and against such injunction.

The statute in reference to appeal in matters of injunction (article 4644) provides as follows:

"Any party * * * to any civil suit wherein a temporary injunction is granted, refused or dissolved, * * * in term time or vacation, may appeal from the order or judgment granting, refusing or dissolving such injunction."

It will be seen that this statute does not confer the right of appeal from an order refusing to dissolve an injunction, but, as we construe the judgment in this case, it is a final judgment; and if so, appellants had the right of appeal. The judgment of the court sets out the temporary injunction in hæc verba, and concludes as follows:

"That the defendants Henry Trayhan and Jules Trayhan be and are hereby perpetually restrained and enjoined from doing any and all of the acts and things which they are inhibited by said temporary writ from doing."

We quote from said temporary writ as follows:

"It is further ordered that, when said writ of injunction is served on the defendants, or when any notice thereof shall in any way come to them, each and all of defendants, and their agents, clerks, and all employés and persons acting for them, shall be and they are hereby enjoined and prohibited from pursuing the business of selling intoxicating liquor at or near Oakwood or elsewhere in Freestone county, Tex., and enjoined and prohibited from opening or keeping open for the purposes of business all houses and places of business where intoxicating liquors are stored, so long as such liquors are stored or kept there for sale, until the further order of this court."

[2] It will thus be seen that by the judgment entered herein defendants were forever enjoined from pursuing the business of selling intoxicating liquors, as recited in said temporary writ. It is the contention of appellee that no final judgment could have been entered herein, for the reason that there was no change of venue, as provided by law, and none by agreement, and therefore the case could not be tried in Navarro county; it being the contention of appellee that the agreement as to the trial of the case in Navarro county related only to the motion to dissolve the writ. The judgment in this case does not purport to be the judgment of the district court of Navarro county, but of the district court of Freestone county. The judge of a district court may hear a cause and render a final judgment therein in vacation by agreement of the parties. Article 1714, R. S. In so far as determining the right of appellants to appeal from the judg-

ment, we think it is immaterial, if such be the fact, that the judge rendered his judgment outside of Freestone county. The judgment is regularly entered upon the minutes of the district court of Freestone county, and until reversed or set aside it is a final judgment against appellants restraining them from selling intoxicating liquors.

[3] Defendants' bill of exception No. 3, omitting formal parts, is as follows:

"Be it remembered that upon trial of the above numbered and entitled cause, the state having introduced the evidence of several witnesses relating to the general reputation of the place of business where defendants have been conducting business, as to whether or not they have been engaged in selling intoxicating liquors at retail, that is, in quantities less than a gallon, after an agreement was entered into that the place where the defendants had been conducting their business was not in local option territory, the defendants moved the court to strike from the record all of the testimony of each and every witness relating to the general reputation of defendants' place of business as aforesaid, for the reason that said evidence was hearsay; that article 4682 of the Revised Statutes, permitting general reputation evidence, had no application, for the reason that the record shows that the place of business of the defendants was not in local option territory; that general reputation evidence is not admissible to prove that the person engaged in the sale of intoxicating liquors was selling at retail or wholesale. And the court overruled said motion, and refused to strike said testimony from the record, to which action of the court the defendants and each of them excepted, and tendered this bill of exceptions, and asks that the same be signed and filed as a part of the record in this cause. Examined, approved, and signed by me and ordered filed as a part of the record in this cause this 9th day of July, 1914. H. B. Daviss, Judge of the District Court, Thirteenth Judicial District."

We sustain appellants' assignments of error with reference to the admission of this testimony, and for that reason this case is reversed and remanded.

Reversed and remanded.