## LEE v. ZUNDELOWITZ. (No. 1955.)

(Court of Civil Appeals of Texas. Amarillo. April 26, 1922. Rehearing Denied June 7, 1922.)

1. **Appeal and error** ☞966(1)—**Continuance** ☞7—**Discretion of court on motion for postponement subject to review.**

Motions for postponement are addressed to the discretion of the trial court, but such discretion is subject to review on appeal in case of abuse.

2. **Appeal and error** ☞977(1)—**New trial** ☞6—**Motion for new trial addressed to discretion of court but subject to review.**

A motion for a new trial is addressed to the discretion of the trial court, and is not an absolute discretion, but one subject to review on appeal in case of abuse.

3. **New trial** ☞124(1)—**Defendant must show meritorious defense and absence of negligence to secure opening of judgment entered in his absence.**

Defendant, whose case was tried in his absence, and without representation, must show ordinarily, to secure reopening of the case, that failure to present defense at trial was not due to his negligence, and that he has a meritorious defense, by setting out any defense in such detail as that the court may judge of its validity.

4. **New trial** ☞96—**Defendant failing to set up proper defense in time held negligent.**

Though there was no negligence by defendant in failing to present his defense at trial, where if present he could not have introduced the evidence set out in his motion for new trial, he was negligent in failing to plead, and be prepared to present his defense at the proper time.

On Motion for Rehearing.

5. **New trial** ☞157—**Failure of defendant to plead in time may be considered against him in motion for new trial.**

Where judgment was entered against defendant in his and his counsel's absence, and where there was no request to amend his answer, nor statement in his motion for new trial that he would have requested leave to file pleading for the purpose of setting up proper defense, the fact that at the time of judgment he had no pleading authorizing him to make defense set up in motion for new trial may be considered against him by court refusing to set aside judgment.

6. **Pleading** ☞252(2) — **Trial** ☞33—**When amended must be introduced in evidence to become part of record.**

A pleading when it is amended ceases to be a part of the record, and, if an adverse party desires to establish any fact from the recitals therein, or use it in any way as a part of the record, he should offer the pleading in evidence, and the party against whom it is offered has the right to explain the statements therein made.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by A. Zundelowitz against Louis Lee. From a judgment refusing to postpone trial, and overruling motion for a new trial, defendant appeals. Affirmed, and motion for rehearing overruled.

Bonner, Bonner & Sanford, of Wichita Falls, for appellant.

Davenport, Wilson & Thornton, of Wichita Falls, for appellee.

BOYCE, J. The appellee brought this suit against appellant to recover rentals alleged to be due under lease contracts between plaintiff and defendant, whereby the plaintiff leased certain property to the defendant for the term of one year, with rentals payable monthly in advance. The defendant answered by general demurrer and general denial. The trial was begun without the defendant or his counsel being present. During its progress defendant's counsel appeared, and asked for a postponement of the trial, which was denied. Whereupon said counsel retired, and the case proceeded without his presence, and judgment was rendered for the plaintiff. The complaint on appeal is to the action of the court in refusing to postpone the trial and in overruling the appellant's motion for new trial, based on the same ground.

The motion for new trial alleges the following facts: That the cause, prior to February 14, 1921, was pending in the Eighty-Ninth district court of Wichita county, and on said date was transferred, at plaintiff's request, without defendant's knowledge, to the Seventy-Eighth district court of said county, for trial. Defendant's counsel was notified of such action, and consented to a setting of the case for trial for Thursday, February 17th, stating at the time, however, "That he would be agreeable to trying the case, provided only it could be tried at the time the same was set, to wit, Thursday, February 17th, but not otherwise, because the court and plaintiff's counsel were then and there in open court, advised by the defendant's counsel that defendant was in Los Angeles, Cal., and could not reach here, and 'the defendant's counsel was engaged for Tuesday and Wednesday, the 15th and 16th, in a trial in this court, in cause No. 2832, * * * and was engaged for Friday, the 18th, and Saturday, the 19th, in a trial in the Eighty-Ninth district court, in cause No. 7937, * * * and, while it would be agreeable to try the case for Thursday, the 17th, the defendant's counsel could not appear in the case at any other day during that week"; that said attorney was not engaged, and could have tried said cause on Thursday, but it was not reached then, but was called for trial on Friday morning, the 18th; that on such morn-

---

ing, prior to the convening of court, defendant's counsel informed the plaintiff's counsel of the fact that he would be engaged in the Eighty-Ninth district court, and could not try the case until the following week; that plaintiff's counsel replied that he would inform the court of the facts, and endeavor to have the case passed; that on said Friday morning the defendant's counsel was engaged in the trial of a case in the Eighty-Ninth district court, which case had been set for trial for said date, at a time prior to the setting of this case in the Seventy-Eighth district court, and from which he could not be excused; that at about 9:30 a. m. defendant's counsel was informed that the Seventy-Eighth district court was proceeding to try this case, whereupon he was excused by the Eighty-Ninth district court for 15 minutes, during which time he appeared in the Seventy-Eighth district court and dictated a motion for postponement, setting forth the foregoing facts, and which motion the court overruled.

A bill of exceptions to the overruling of said motion shows that the motion contained substantially the allegations above stated as being in the motion for new trial. This motion for postponement, however, did not state that the defendant had a meritorious defense, or indicate in any way the nature of his defense, though it was stated that the application was not being made for delay, but that justice might be done. The judge qualified the bill by stating that the appearance in the court and motion for postponement were made 36 minutes after the jury to try the case had been impaneled, and while the trial was in progress. The motion for new trial further sets out that after the overruling of said motion for postponement the defendant's counsel retired to the Eighty-Ninth district court, and this cause proceeded without the presence of the defendant or his counsel. It contains this allegation as to the defendant's grounds of defense:

"This defendant shows to the court that he has a valid defense of cause of action of the plaintiff herein in this case, because A. Zundelowitz, at the time of filing this suit, claiming an indebtedness of $1,050, was in fact indebted to this defendant for more than said sum, because one of the buildings leased to this defendant had become damaged, and was unfit for use, the ceiling having fallen in, and the plaintiff had agreed to repair the same, and credit this defendant with the amount then due, and the plaintiff at that time served writ of garnishment upon A. C. Page & Co. and other tenants to which this defendant had subleased said building, and had notified all subtenants of this defendant not to pay the defendant any additional rent, and had personally collected from all of the defendant's subtenant rents due, and this defendant had never collected any rents from the time said suit was first filed, and therefore the amended petition of plaintiff, alleging an indebtedness of about $5,000, was fraudulent,

and was untrue; * * * that, had this defendant been permitted to appear in person or by attorney, it would have developed on said trial from cross-examination of the plaintiff that the defendant was not indebted to plaintiff in any sum, and that same could have been shown by other witnesses as well, and in this connection the defendant asks the court to consider as a court the evidence in this case, the original petition of the plaintiff as well as the amended petition, and the several writs of garnishment issued at the time the original petition was filed against * * * the subtenants of this defendant."

The motion for new trial is sworn to by defendant's counsel, it being stated that—

"As to the defense of the defendant, Louis Lee, to plaintiff's cause of action, the affiant is informed and verily believes the same to be true."

[1-3] The motions for postponement and for new trial belong to that class of proceedings that are said to be addressed to the discretion of the trial court, not an absolute discretion, but one subject to review on appeal in case of abuse. Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916; Gillaspie v. City of Huntsville (Tex. Civ. App.) 151 S. W. 1114. A defendant who has had his case tried without being present, and without representation, is ordinarily required, in order to obtain a reopening of the case, to show: First, that the failure to present his defense at the trial was not due to his negligence; second, that he has a meritorious defense. In satisfying this second condition, he should set out his defense in such detail as that the court may judge of its validity. He is not required to try the case on motion for new trial to determine whether he has a meritorious defense, but at least such a state of facts should be shown as it would appear from the face thereof that he was deprived of making a defense that he was entitled to make, and would have made, and that injustice has resulted by reason of the case having proceeded without the presentation of such defense. Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Montgomery v. Carlton, 56 Tex. 431; Drummond v. Lewis (Tex. Civ. App.) 157 S. W. 267; Gillaspie v. City of Huntsville, supra; Western Lumber Co. v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 646 (24).

[4] We think it is sufficiently shown in the motion for new trial that there was no negligence on the part of the defendant or his counsel in not being present at the trial, and there presenting whatever defense might have been presented under the circumstances. But, if counsel had been present, he could not, under the pleading, have introduced evidence of the defense set out in the motion for new trial. The suit was on written lease contracts. The term of the leases was for one year, but the rentals were payable monthly,

in advance. The suit was filed September 1, 1920. Appellant filed his answer on October 8, 1920. This answer consists of a general exception and general denial. The plaintiff filed amendments on November 29, 1920, and January 21, 1921, the purpose of these amendments being to include a claim for recovery of additional installments of rentals becoming due in the interim of the filing of the different pleadings. Although the case was set for trial on February 17th, and defendant's counsel alleges that he was ready to try the case then, there was no amendment or request for amendment of defendant's pleading. Special pleading, as we have said, would have been required to authorize the introduction of evidence of the facts set out in the motion for new trial as grounds of defense. When counsel appeared in court and asked for a postponement he did not state to the court that he had a meritorious defense and made no reference to the special defenses set up in the motion for new trial. As the matter then appeared to the trial court he could have reasonably concluded that the defendant had no real defense to the plaintiff's cause of action. The motion for new trial asks the court to take into consideration the evidence that was introduced upon the trial of the case. If this evidence be true, it shows that the defense set up in the motion for new trial is without merit. When the motion for new trial was filed, setting up for the first time these matters of defense, the trial court may have concluded that, if there was any merit in the defense, the defendant was negligent in failing to plead and be prepared to present such defense at the proper time. Negligence in such matters has been held to be sufficient to justify a refusal to set aside the judgment. Western Lumber Co. v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 646, and authorities. Under the circumstances, we are not prepared to say that there was such an abuse of his discretion on the part of the trial judge as that we should set aside his action in the matter.

The judgment, therefore, will be affirmed.

## On Motion for Rehearing.

[5] In the motion for rehearing appellant insists that the fact that he had no pleading which would have authorized him to make the defense which he set up in his motion for new trial ought not to be considered in determining the case, for the reason "that he had an absolute right to file an amended pleading at any time before announcing ready for trial," and it would have been reversible error for the trial court to deny him the right to amend and set up this defense. We do not understand this proposition to be a correct statement of the law. Lipscomb v. Perry, 100 Tex. 122, 96 S. W. 1069; Braxton v. Voyles (Tex. Civ. App.) 189 S. W. 965; Houston Oil Co. v. Reese-Corriher Lumber Co. (Tex. Civ. App.) 181 S. W. 745. Under the circumstances of the case, the trial court would probably have had the right to deny permission to defendant to file an amended answer bringing in this new matter on the morning of the day set for trial of the case. However this may be, there was no request for amendment. It was not stated in the motion for new trial that defendant would have requested leave to file pleading for the purpose of setting up such defense. These facts may have been properly considered by the trial court in arriving at a conclusion on all the facts and circumstances before him as to whether an injustice had resulted from a trial of the case, in the absence of defendant's attorney. Each case of this kind depends largely on its own facts, and we are not convinced that the trial court abused his discretion in refusing to set aside the judgment herein.

The motion for rehearing presents as fundamental error two propositions not presented in the original brief. These are: (1) That the lease was forfeited by declaration of the plaintiff in September, 1920, and that, notwithstanding the forfeiture, recovery of subsequently accruing rents under the contract was allowed by the judgment; (2) that the judgment is not final, in that it did not dispose of plaintiff's prayer for cancellation of the lease. We will consider these propositions in the order stated.

The contract fixed the term of the lease for one year from February 1, 1920, but provided for payment of rentals monthly in advance, and that, in default of such payments, lessor might "declare the lease forfeited at his discretion and his agent or attorney shall have the right, without further notice or demand, to re-enter * * * or his agent or attorney may resume possession of the premises and relet the same for the remainder of the term * * * for account of the lessee, who shall make good any deficiency." The original petition was filed in the case on September 1, 1920, and alleged that default had been made in the payment of several installments of monthly rentals preceding the filing of the petition. The petition also referred to the foregoing provision for forfeiture, and in this connection contained this allegation:

"That by reason of the failure of said defendant to pay said rental contracts as above provided for, said contracts have now been forfeited and this plaintiff here now declares the same to be forfeited."

The prayer was that plaintiff have judgment for the rentals due and for cancellation of said rental contracts. On November 29, 1920, plaintiff filed a first amended petition, and on January 15, 1921, a second amended petition. These petitions were in substance the same as the original petition, except that they each prayed for rentals accruing up to the dates of the respective filings thereof.

These amended petitions appear in the transcript, though they were not offered in evidence.

[6] The particular proposition now called to the attention of this court for the first time was not mentioned in the motion for new trial. A pleading, when it is amended, ceases to be a part of the record. If the adverse party desires to establish any fact from the recitals therein, or use it in any way as a part of the record, he should offer the pleading in evidence, and the party against whom it is offered has the right to explain the statements therein made. Kimmons v. Abraham (Tex. Civ. App.) 158 S. W. 256; Daniels v. Stewart, 63 Tex. Civ. App. 447, 132 S. W. 967. Therefore we do not think that the appellant is in position to avail himself of the statements in these abandoned pleadings for the purpose of sustaining his claim of fundamental error now made. Furthermore, we doubt whether the defendant might have made this defense even in the trial court under a general denial. But, even if the abandoned pleadings are a part of the record, and should be considered as evidence, and the defendant was in position to avail himself under his pleading of this defense, we are not fully convinced that the tenancy should be held to have terminated upon the filing of the petition on September 1, 1920. At common law a provision for forfeiture, such as was contained in this lease contract, was made effectual only by re-entry.

" 'Where,' to quote Baron Parke, 'the terms of a lease provide that it shall be avoided by re-entry, either in the case of a freehold lease or a chattel interest, an entry, or what is tantamount thereto, is indispensable.' " Bowman v. Foot, 29 Conn. 340; Guffy v. Hukill, 34 W. Va. 49, 11 S. E. 754, 8 L. R. A. 759, 26 Am. St. Rep. 901; Jones on Landlord & Tenant, § 481; Underhill on Landlord & Tenant, § 394.

The filing of an action of ejectment was at common law the equivalent of entry.

"The conduct of the landlord in bringing ejectment is from the tenant's point of view an eviction and from the landlord's point of view the acceptance of a surrender." Underhill, § 404.

It seems to have been questioned in the English courts whether the bringing of any other character of suit for possession would have the effect of terminating the tenancy. Underhill, § 404, note 70. It is said that some of the authorities in this country hold "that an actual entry is not necessary and that a clear assertion by word or act of the landlord's intention that the tenancy shall come to an end is sufficient." Tiffany on Landlord and Tenant, pp. 1402, 1403. While in this case the plaintiff does, in his petition, state that the lease is here and now declared to be forfeited, he took no action to repossess

the premises, and did not even pray for judgment for possession, but asked for judgment of declaration of the forfeiture. We doubt whether the petition as a whole indicates the clear intention on the part of the lessor to himself put an end, by his own declaration, to the tenancy. It rather appears that the plaintiff was merely seeking to have the court declare the forfeiture by its judgment and that the forfeiture was to take effect from such time.

The trial was had on February 18, 1921. The term of the lease had, by the express stipulations of the contract, come to an end. There was, therefore, no necessity at such time for a judgment canceling the lease, and, since this issue was no longer in the case, there was no error on the part of the court in not disposing of it in the judgment.

The motion for rehearing will be overruled.

---

⬚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and indexes