## CRAGIN v. HENDERSON COUNTY OIL DEVELOPMENT CO. (No. 152.)*

(Court of Civil Appeals of Texas. Waco. Feb. 12, 1925. Rehearing Denied March 19, 1925.)

1. New trial ☜124(1)—Defendant must show meritorious defense and absence of negligence to secure opening of judgment entered in his absence.

Defendant, whose case was tried in his absence and without representation to obtain reopening of case, must show that failure to present defense at trial was not due to his negligence, and that he had a meritorious defense by setting out his defense in such detail that court may judge of its validity.

2. New trial ☜86—Evidence held not to show that defendant, against whom judgment was rendered when not present and without representation, forfeited right to trial by his negligence.

Where, at time case was set for trial, defendant was represented by counsel, but court later permitted his counsel to withdraw, and tried case ex parte on same day, and rendered judgment against defendant without his knowledge and defendant on day case was originally set for trial appeared with counsel and filed motion for new trial, held, that defendant had not forfeited his constitutional right to trial by any negligence on his part.

3. Appeal and error ☜883—Judgment overruling defendant's motion for new trial not disturbed, where conflicting issues of fact were submitted and decided by court without objection by defendant.

Where, on motion for new trial by defendant, against whom judgment had been entered before day set for trial, in his absence, without representation, plaintiff without objection attacked merits of alleged defenses and introduced evidence tending to rebut such defenses, and issues thus raised were submitted to court for determination and decided against defendant, and evidence was sufficient to support finding that defenses were without merit, held, that judgment of court overruling defendant's motion will not be disturbed.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Action by the Henderson County Oil Development Company against F. E. Cragin and another. From overruling of defendants' motion for new trial after entry of judgment against them in their absence and

---

without representation, defendant Cragin appeals. Affirmed.

J. J. Faulk, of Athens, for appellant.

Crane & Crane, of Dallas, for appellee.

GALLAGHER, C. J. Appellee, Henderson County Oil Development Company, a joint-stock association, sued appellant F. E. Cragin and one H. T. Ables in the district court to recover damages for the breach of a written contract to drill an oil well. The parties will be designated as in the trial court.

Defendants were represented by Messrs. Crane & Crane, attorneys at law, residing in Dallas. That firm filed a formal answer for each of said defendants. The district court of Henderson county convened on Monday, August 20, 1923, and continued in session until October 2, 1923. On August 21st the court made an order setting this case for trial on September 10, 1923. Defendants appear to have been joint obligors in the execution of the contract sued on. They are not sued as partners, nor do we understand that any contention is made that they were partners in fact. Ables lived at Dallas and Cragin lived in Tarrant county. Said firm of lawyers were first employed by Ables to represent him, but later, at the request of Cragin, made through Ables, they undertook to represent Cragin also. Said attorneys were advised by letter from counsel for plaintiff, received on August 22d, of the setting of this case as above recited. In reply to such letter said attorneys advised counsel for plaintiff that they no longer represented defendants, and that they would immediately file a motion to be permitted to withdraw from the case. The motion was filed as indicated on August 24, 1923, and on August 31st the same was heard by the court and granted. It seems the withdrawal of said attorneys for defendants was understood by counsel for plaintiff and by the court as an abandonment by defendants of any attempt to defend against a judgment in this case, and the case was on the same day, August 31st, called and tried ex parte and judgment rendered in favor of plaintiff against both defendants for the sum of $12,500.

It seems that some dissatisfaction on the part of Messrs. Crane & Crane arose with reference to the attention being given by defendant Ables to the preparation for trial of the case and to the matter of meeting expenses incident thereto. It further appears that the matter of preparing for defense at the trial was in the hands of said Ables. Messrs. Crane & Crane, prior to August 22d, the date not being shown, wrote Ables that "if he would not give to the case the attention necessary, he had better get some other counsel to represent him." They notified Ables of their withdrawal from the case by mailing to him a carbon copy of their letter to counsel for plaintiff, above referred to. No prior notice of actual withdrawal from the case is shown. Cragin testified that he learned of such withdrawal for the first time during the first week in September. It seems he then went to Dallas and arranged for said firm to continue as counsel for defendants. A member of the firm of Crane & Crane then called counsel for plaintiff by phone with reference to securing a postponement of the trial to a later day of the term, and learned in such conversation for the first time of the ex parte trial of said case on August 31st. Defendant Cragin and his counsel appeared in court on September 10th, the day the case was set for trial, and at that time filed a motion for a new trial. Defendants, in their motion for new trial, set up the facts above recited. Defendant Ables was on September 4, 1923, duly adjudged a bankrupt. His trustee in bankruptcy filed a separate motion for a new trial. The contract sued on contained, among others, the following paragraphs:

"(1) That the said association this day assigns to the said H. T. Ables and F. E. Cragin, the leases so secured and held by them, which have been examined by the said parties so receiving them, and which are accompanied by a plat explaining and indicating their location which is fully understood by the parties hereto. The assignment and leases to same however are to be placed in the possession and holding of the First National Bank of Athens, which bank is to keep the same for the parties hereto subject to the following terms and conditions entered into by the said H. T. Ables and F. E. Cragin.

"(2) It is understood that the said H. T. Ables and F. E. Cragin are expected to sell and transfer a part of the said leases to other parties, and they are to have the right to so do, and to place the contract of purchase with the said First National Bank of Athens, and withdraw the leases so sold by them to said parties; the bank having the right to approve the reliability of the purchasers. And when the said parties have sold as much as twenty thousand dollars worth of leases, the purchaser being approved by the said bank, then all of the said leases are to be turned over to the said H. T. Ables and F. E. Cragin.

"(3) The said H. T. Ables and F. E. Cragin agree to begin drilling an oil and gas well on some part of the said premises to be selected by themselves on or by March 1st, A. D. 1922, and to drill to the depth of 3,500 feet or through the Woodbine sands unless oil or gas is sooner found in paying quantities; the association to have the privilege of examining the log of the well during its progress."

Defendants set up in their said motion as grounds of meritorious defense the following:

(1) That by the terms of the contract sued on, the assignment to defendants of the leases therein specified was the sole consideration for the agreement to drill said well; that a lease on a certain 430 acres of land, situated near the center of the body

of land represented to be covered by such leases, was included therein and constituted an important and material part of such consideration; that a prior lease thereto was held by other parties and that only a partial release by the holders thereof was ever secured; and that such partial release was not secured until long after the date originally set for beginning the drilling of the well provided for in said contract.

(2) That the leases referred to in the contract sued on were valueless and could not have been sold at any time (from the making of the contract until its breach) for any sum, and that plaintiffs had therefore not suffered damage in the sum of $12,500 recovered by them in the judgment sought to be set aside, or in any other sum.

(3) That the contract sued on was incomplete and ineffective because it was therein provided that defendants were to have the privilege of selling $20,000 worth of the leases covered by said contract; that it was understood by all the parties to said contract that defendants relied on such sale of leases to procure cash with which to drill the well; that while said contract omitted to clearly so state, such omission was not due to any fault on the part of defendants, but to an unintentional failure on the part of plaintiff's attorney, who drew said contract, to include the same therein; that defendants believed that said contract by implication so provided; and that all the parties at the time so construed the same.

(4) That plaintiff's original petition, upon which said judgment was rendered, stated no cause of action, in that, the measure of plaintiff's damage, if any, for the breach of said contract was either the reasonable cost of drilling the well as therein provided, or the difference, if any, between the market value of the leases covered by said contract at the time the same was made and at the time the same was breached, and that no correct measure of damage was alleged in said petition.

[1] Said motion was duly verified, and its allegations fully sustained by suppporting affidavits attached thereto and made a part thereof. Defendant Cragin also supported the averments of said motion by the oral testimony of his attorney and himself at the hearing thereon. Said motions for a new trial were duly submitted, considered by the court, and overruled. Cragin alone has appealed. The law applicable to motions for new trial, in such cases as this is tersely and correctly stated in the case of Lee v. Zundelowitz (Tex. Civ. App.) 242 S. W. 279, 280, as follows:

"A defendant who has had his case tried without being present, and without representation, is ordinarily required, in order to obtain a reopening of the case, to show: First, that the failure to present his defense at the trial was not due to his negligence; second, that he has a meritorious defense. In satisfying this second condition, he should set out his defense in such detail as that the court may judge of its validity. He is not required to try the case on motion for new trial to determine whether he has a meritorious defense, but at least such a state of facts should be shown as it would appear from the face thereof that he was deprived of making a defense that he was entitled to make, and would have made, and that injustice has resulted by reason of the case having proceeded without the presentation of such defense. Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Montgomery v. Carlton, 56 Tex. 431; Drummond v. Lewis (Tex. Civ. App.) 157 S. W. 267; Gillaspie v. City of Huntsville [151 S. W. 1114]; Western Lumber Co. v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 180 S. W. 646."

[2] It appears without dispute that this case was regularly set for trial on the 10th day of September, 1923. Such setting was made while defendants were actually represented by counsel, who had appeared and answered for them in the cause. We do not think that the subsequent withdrawal from the case by defendants' counsel nullified this setting. Defendants were as much entitled to all their rights growing out of such action of the court as they were to the benefit of any other action their counsel may have taken in the case. Had their counsel, prior to retiring from the case, filed a full and complete answer, setting up their defenses in detail, or caused depositions of witnesses in support of their defense to be taken and returned, or caused subpœnas to be issued and served on their witnesses, we do not think it would be contended that such proceedings were nullified by such withdrawal, nor that it was necessary to renew the same when said counsel were re-employed in the case. The order of the court permitting counsel to withdraw from the case was made and entered on the 31st of August. The case was called and tried ex parte on the same day.

Defendant Cragin at that time did not know that his counsel had taken such action. He did not know thereof until several days later. He did not know that the case had been tried and judgment rendered against him until the 8th or 9th of September. He satisfied his counsel and appeared with a representative of said firm in court and filed his motion for new trial on September 10th, the time the case was set for trial by the original order of the court. Every litigant is entitled, under our Constitution and laws, to his day in court before he is adjudged to suffer either in his person or property. His right to attend the trial of his case and to be heard in person and by counsel is a very valuable right. He can forfeit such right by his negligence, but he should not be held to have forfeited the same when it reasonably appears he was not inexcusably negligent. We do not think such negligence is shown in this case. A

case exactly in point has not been cited by counsel nor found by us in our consideration of this case, but we think the correctness of our holding herein may be readily deduced from the following authorities: Lanius v. Shuber, 77 Tex. 24, 27, 28, 13 S. W. 614; Bostwick v. Bostwick, 73 Tex. 182, 186, 187, 11 S. W. 178; Panhandle Motors Co. v. Foster (Tex. Civ. App.) 245 S.'W. 269; Fitzgerald v. Wygal, 24 Tex. Civ. App. 372, 59 S. W. 621; Howard v. Emerson (Tex. Civ. App.) 59 S. W. 49; Alexander v. Smith, 20 Tex. Civ. App. 304, 49 S. W. 916; Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546, 548.

[3] The procedure on hearing of motions for a new trial in such cases as this, as adopted and applied by the courts of this state, does not contemplate a trial of the issues alleged in such motions as constituting meritorious defenses to the cause of action on which such judgments were rendered. Such a motion is sufficient if the grounds of defense relied on are clearly and distinctly set forth, if they appear on their face to constitute a defense in whole or in part to the cause of action upon which the judgment sought to be set aside was rendered, and if they are fully supported by affidavits or other proof of verity. Notwithstanding such rule of procedure, plaintiffs, without objection from defendants, not only attacked the merits of such alleged defenses by verified answer controverting same, but also introduced a considerable volume of oral and documentary evidence tending to rebut such defenses. This evidence, among other things, expressly denied that any lease on said 430-acre tract was included in the leases covered by the first paragraph of said contract, and asserted that the attempt to procure a release of said land from the prior oil lease thereon was undertaken by plaintiffs after the signing of the contract sued on because defendants requested them to do so. Plaintiffs' also introduced evidence rebutting defendants' contention that they were not to drill the well called for by the contract unless they succeeded in selling some of said leases to raise funds to finance such drilling, and tending to show that the undertaking to drill said well was not understood by the parties to be in any way dependent upon such sale of such leases.

Plaintiffs also introduced evidence tending to show that leases such as those covered by said contract, were salable and could have been sold in that neighborhood for $5 or more per acre from the date of said contract until about the time of the breach of the same, and that about the time of such breach the oil excitement subsided and said leases became valueless and wholly unsalable. The issues of fact raised by the conflicting evidence submitted by plaintiffs and defendants, respectively, were without objection from the defendants submitted to the court for determination and decided against defendants. The evidence was sufficient to support a finding by the court that each of said defenses was without merit. The court, having overruled the motion, must be presumed to have so found. The situation thus presented is similar to the situation considered by our Supreme Court in the case of Sugg v. Thornton, 73 Tex. 666, 669, 9 S. W. 145, except that in that case the conflicting evidence was presented by affidavits exclusively. The rule of procedure announced by our Supreme Court in that case is applicable here. We quote from the opinion in that case as follows:

'"The material allegations of the motion were denied by the answer of appellee, and without objection the court proceeded to determine the issues upon affidavits filed by both parties. Appellant having thus submitted to a trial of the issues in that way, he cannot now be heard to complain of the result. Had objection been made to any inquiry save upon the question of diligence it would doubtless have been sustained, and the court would have heard proof only on that question. * * * The issues raised by the motion to set aside the judgment and the answer thereto having been tried by the court below upon affidavits without objection as the affidavits are conflicting, we think the judgment should not be disturbed."

We think the rule thus announced applies with equal force, whether the conflict arises between affidavits submitted by the respective parties, or by such affidavits and by conflicting oral evidence in addition thereto submitted by the respective parties. Sugg v. Thornton, supra; Life Ins. Co. v. Williams, 79 Tex. 633, 637, 15 S. W. 478; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195, 199; Id. (Tex. Civ. App.) 232 S. W. 853.

We have carefully considered defendants' complaint of plaintiffs' petition as set out in said motion, and have reached the conclusion that such contention is insufficient as ground for a new trial on motion. We think the allegations of said petition are good as against a general demurrer, and sufficient to sustain a judgment for the damage, if any, suffered by plaintiffs by reason of the breach of the contract sued on, measured by the difference, if any, in the market value of said leases at the time the contract was made and such value at the time of its breach, as suggested by defendant Cragin in his brief.

While, in view of our holding on the issue just discussed, it was perhaps unnecessary for us to pass upon the question of negligence of defendants or their counsel, we have done so in order that defendant Cragin, if he so desires, may at one time present the whole case to the Supreme Court for review by application for writ of error.

The judgment of the trial court is affirmed.