## Richardson v. McCoy.

(Decided January 17, 1918.)

Appeal from Monroe Circuit Court.

New Trial—Action—Grounds—Unavoidable Casualty or Misfortune —Sickness of Counsel—Diligence.—While ordinarily the mere lack

of financial ability to employ an attorney will not be regarded as an unavoidable casualty or misfortune within the meaning of section 518 of the code, authorizing a new trial on that ground, yet where the party seeking the new trial has a valid defense, is an old and uneducated woman unacquainted with legal procedure, and has actually employed an attorney, who is too ill to represent her, and upon ascertaining this fact, endeavors to employ other attorneys, who refused the employment, either because they represented the other side or she was unable to pay a cash fee, and because of these facts a default judgment was taken against her, the combined circumstances are such as to authorize a new trial on the ground of unavoidable casualty or misfortune preventing her from making defense.

BAIRD & RICHARDSON for appellant.

HEBRON LAWRENCE, HAZELRIGG & HAZELRIGG, C. R. HICKS, L. L. CAREY and J. O. EWING for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of September, 1908, Martha T. McCoy, executed and delivered to W. K. Richardson, her promissory note for $827.00, and secured its payment by a mortgage on a small farm which she owned in Monroe county. On November 8, 1908, she brought suit to cancel the mortgage. Richardson made no defense because Mrs. McCoy's husband had not united in the mortgage, or theretofore executed a mortgage on the property, and the mortgage was cancelled by default judgment.

On January 8, 1910, Richardson brought this suit against Mrs. McCoy to recover on the note. On the same day, summons was issued and thereafter returned "not found." On June 13, 1910, alias summons was issued and served on June 16, 1910. The next regular term of the Monroe Circuit Court convened on the first Monday in August, 1910. On the fourth day of that term, judgment was rendered by default. Thereafter execution was issued on the judgment and levied on Mrs. McCoy's land.

This suit was brought by Mrs. McCoy, to enjoin the sale of the land and to obtain a new trial on the ground of unavoidable casualty or misfortune, which prevented her from making defense. The relief prayed for was granted and Richardson appeals.

According to Mrs. McCoy and her witnesses, the facts are as follows: On the next day after the service of the

summons, Mrs. McCoy employed Leslie Cary, an attorney at law, who had been her legal adviser in other matters, to represent her in the suit which Dr. Richardson had brought against her. Cary went to Tompkinsville for the purpose of filing an answer. On the Sunday before court convened, he was attacked by fever. Though he prepared some leases and filed them for record on Monday, he was not in fit condition to draw the answer. On Tuesday he was taken to his home in the country, where he remained seriously ill with the fever for several weeks and for some time after court adjourned. About the time court convened, Mrs. McCoy, who is old and uneducated, and unversed in legal procedure, came to Tompkinsville, and on learning that Mr. Cary was ill, attempted to employ Judge Jackson, who had represented her in the suit to cancel the mortgage, but was informed by him that he had brought the suit for Dr. Richardson. After consulting other attorneys, who informed her that they were on the other side, she approached Judge Miller for the purpose of having him prepare her defense, but he told her that he would not do so unless she paid him a cash fee, which she could not do because she did not have a cent of money at that time. Being unable to employ another attorney, she returned to her home in the country. She subsequently went to see Mr. Cary again but he was too ill to talk to her.

According to the evidence for Dr. Richardson, Mr. Cary was in the Monroe county clerk's office on August 1st, taking and recording leases and did not complain of being or appear to be sick. When the case was first called in court and a default judgment asked, Judge Miller objected to the judgment on the ground that his client, Mrs. McCoy, was sick at her home and he could not make defense for her. While the question was being discussed, Mrs. McCoy appeared, and the case was passed for the accommodation of her and her attorney. Judge miller said that Mrs. McCoy told him that she did not sign the note. Thereupon he stated to her that if she never signed the note, he would attempt to do something for her, and further told her that he would compare the signature on the note with her signature on certain letters which Judge Jackson had. She replied that there was no use in doing that as she had not signed the note. Judge Miller then went to Judge Jackson, who gave him the letters. After making the comparison he returned to the

courthouse where he had left Mrs. McCoy, but found that she had gone. He then went to the hotel where she was stopping but ascertained that she had left for her home.

The petition for the new trial shows that Mrs. McCoy had a valid defense to the note.

It is argued that Mr. Cary was not too sick to prepare the answer and that even if he was, Mrs. McCoy was present in court and had abundant opportunity to employ other counsel which she failed to do. Though it may be true that on the first day of the court Mr. Cary prepared certain leases and left them for record, his own statement and his subsequent illness leave no doubt that he was suffering from fever on that day and that he was not in fit mental and physical condition to prepare the answer. Therefore the case presents the following facts: As soon as Mrs. McCoy was served with summons, she employed Mr. Cary to represent her. Cary accepted the employment and went to Tompkinsville for that purpose on the first day the court convened. He was too ill to prepare an answer and returned to his home, where he remained seriously ill until after the adjournment of court. Not only so but Mrs. McCoy came from her home in the country for the purpose of attending court and presenting her defense. After learning that Mr. Cary was ill, she approached Judge Jackson, who had represented her in her suit against Dr. Richardson, but was informed by him that he then represented Dr. Richardson in the suit against her. After consulting other attorneys, who refused the employment, she consulted Judge Miller, who demanded a cash fee, which she was unable to pay. She then went to see Mr. Cary, who was too sick to talk to her. Ordinarily the mere lack of financial ability to employ an attorney will not be regarded as an unavoidable casualty or misfortune within the meaning of the code, yet where the party seeking the new trial has a valid defense, is an old and uneducated woman unacquainted with legal procedure, and has actually employed an attorney, who is too ill to represent her, and upon ascertaining this fact, endeavors to employ other attorneys, who refused the employment, either because they represented the other side or she was unable to pay a cash fee, and because of these facts a default judgment was taken against her, the combined circumstances are such as to authorize a new trial on the ground of unavoidable casualty or misfortune preventing her from

making a defense. We are confirmed in this view by the ruling of the Court of Civil Appeals of Texas in the case of Alexander v. Smith, 49 S. W. 916. Alexander had sued the Galveston, La Porte & Houston Railway Company and L. J. Smith, for damages for personal injuries. When the case was called for trial, Alexander's counsel was absent on account of sickness. Alexander was too poor to employ other counsel and being ignorant of judicial procedure, could not conduct the trial of the case himself. The case was then dismissed and the next day Alexander filed a motion asking that the judgment be set aside and the cause reinstated. Unless the dismissal was set aside, the cause of action would be barred. The action of the trial court in overruling the motion was held to be an abuse of discretion.

Judgment affirmed.